IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IASIS HEALTHCARE CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>E.K. BAILEY CONSTRUCTION, INC., a Utah Corporation; RALPH L. WADSWORTH CONSTRUCTION COMPANY, INC., a Utah corporation; HKS ARCHITECTS, INC., a Texas corporation; and GREAT BASIN ENGINEERING, INC., a Utah Corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTIONS TO STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE OF EXPERT TESTIMONY |
| E.K. BAILEY CONSTRUCTION, INC., a Utah Corporation,<br><br>    Third Party Plaintiff,<br>v.<br><br>TEGRA SALT LAKE REGIONAL MEDICAL CENTER, L.C., a Utah limited liability company,<br><br>    Third Party Defendant. | Case No. 2:07-cv-00638  DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

On June 30, 2009, some forty-nine days after the stipulated deadline for Plaintiff to disclose expert witnesses and eight days prior to the deadline for Defense counsel to disclose their own experts and reports, Plaintiff IASYS supplemented the information of two previously designated experts and sought to add ten additional individuals as expert witnesses.  It appears

that these persons are principally fact witnesses[1] and that the designations are to avert objections that some of their testimony might rely on their knowledge, skill, experience, training, or education as they discuss topics involving scientific, technical, or other specialized knowledge.[2] None of the ten new expert witnesses has been retained or specially employed.[3] The individuals were disclosed in initial disclosures,[4] but the sheer number of witnesses disclosed means that only four of them were deposed, and those depositions occurred *before* the designation.

Defendant Ralph L. Wadsworth Construction Company, Inc. has moved[5] to strike the designation and Defendant HKS Architects, Inc. has joined[6] the motion. Alternatively, they seek to amend the schedule to extend the dispositive motion deadline from August 14, 2009, to a date at least 30 days after the conclusion of the depositions of the two persons who have not been deposed, and to extend any other affected deadline. Defendant E.K. Bailey Construction, Inc. also moves to strike and extend deadlines for submission of its expert reports.[7]

During briefing, IASIS has withdrawn four of the individuals designated,[8] leaving four witnesses whose depositions have not been taken,[9] and four whose depositions were taken before

---

[1] Memorandum in Opposition to Motion to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony (Opposition Memorandum) at 3, docket no. 93, filed July 24, 2009.

[2] Fed R. Evid. 701.

[3] Second Supplemental Disclosure of Expert Testimony (Second Disclosure), Exhibit 3 to Memorandum in Support of Motion to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony (Supporting Memorandum), docket no. 84, filed July 6, 2009.

[4] Opposition Memorandum at 2.

[5] Motion to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony, docket no. 83, filed July 6, 2009.

[6] Joinder of HKS Architects, Inc. in Motion of Ralph L. Wadsworth Construction Company, Inc. to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony, docket no. 91, filed July 14, 2009.

[7] Motion to Strike Plaintiffs Second Supplemental Disclosure of Expert Testimony, docket no. 95, filed July 27, 2009.

[8] Opposition Memorandum at 2.

[9] Reply Memorandum in Support of Motion to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony (Wadsworth Reply) at 2, docket no. 98, filed July 30, 2009.

the designation.[10] The two witnesses whose depositions have not been taken (Johnson and Dzineku) live in California,[11] where two of the previously deposed witnesses (Hall and Sunny) reside.[12] Another previously deposed witness (Johnston) lives in Arizona.[13] There are six counsel in the case, making scheduling very challenging, as the history of scheduling demonstrates.[14]

The case is very mature to be adding witnesses and taking more depositions. IASIS's delay in disclosure should not work to the detriment of the schedule or of other parties and counsel. However, IASIS should be permitted, if reasonably fair, to examine these witnesses at trial on areas of their specialized knowledge, provided that Defendants should have a fair opportunity for discovery.

> Under Fed. R. Civ. P. 37(c)(1)
>
> If a party fails to . . . identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions . . . .

---

[10] *Id.* at 3.

[11] Reply Memorandum Regarding the Motion to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony (HKS Reply) at 3, docket no. 97, filed July 29, 2009.

[12] Second Disclosure at 3.

[13] *Id.* at 2.

[14] HKS Reply at 2-4.

**ORDER**

IT IS HEREBY ORDERED the Motion to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony;[15] the Joinder of HKS Architects, Inc. in Motion of Ralph L. Wadsworth Construction Company, Inc. to Strike Plaintiff's Second Supplemental Disclosure of Expert Testimony;[16] and E.K. Bailey Construction, Inc.'s Motion to Strike Plaintiffs Second Supplemental Disclosure of Expert Testimony[17] are GRANTED IN PART.

IT IS FURTHER ORDERED that on or before August 17, 2009, IASIS shall separately as to each of the six remaining witnesses (Johnson, Dzineku, Sunny, Hall, Johnston and Leisure) recently proposed as experts, either (a) waive the right to elicit expert testimony from the person designated or (b) disclose the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705 and a summary of the facts and opinions to which the witness is expected to testify, together with copies of any exhibits considered by the witness and any illustrative exhibits the witness may use at trial. Testimony and evidence at trial shall be limited to the scope of this disclosure. Any disclosure shall include at least two alternative dates on or before September 18, 2009, on which each such witness shall be available in Salt Lake City, Utah for deposition. The court reporter and transcript expenses for any deposition of the four witnesses previously deposed shall be paid by IASIS.

---

[15] Docket no. 83, filed July 6, 2009.

[16] Docket no. 91, filed July 14, 2009

[17] Docket no. 95, filed July 27, 2009

IT IS FURTHER ORDERED that the dispositive motion deadline is extended to September 30, 2009, and any response to such a motion shall be filed within twenty one calendar days of the motion, and any reply shall be filed within seven calendar days thereafter.

Dated this 6th day of August, 2009.

BY THE COURT

_____

Magistrate Judge David Nuffer