IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IASIS HEALTHCARE CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>E.K. BAILEY CONSTRUCTION, INC., a Utah Corporation; RALPH L. WADSWORTH CONSTRUCTION COMPANY, INC., a Utah corporation; HKS ARCHITECTS, INC., a Texas corporation; and GREAT BASIN ENGINEERING, INC., a Utah Corporation,<br><br>        Defendants.<br><br>E.K. BAILEY CONSTRUCTION, INC., a Utah Corporation,<br><br>        Third Party Plaintiff,<br>v.<br><br>TEGRA SALT LAKE REGIONAL MEDICAL CENTER, L.C., a Utah limited liability company,<br><br>        Third Party Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER**<br><br><br><br>Case No. 2:07-cv-00638  DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

      E. K. Bailey Construction, Inc.; Great Basin Engineering, Inc.; and Ralph L. Wadsworth Construction Company, Inc., have moved for a protective order[1] against Iasis Healthcare Corporation's noticed depositions of Phylip Leslie and William Gulya, two expert witnesses first designated by Third Party Defendant Tegra Salt Lake Regional Medical Center, L.C. and later

---

[1] [E.K. Bailey's] Motion for Protective Order, docket no. 196, filed November 16, 2009; Great Basin Engineering, Inc.'s Joinder in Motion for Protective Order by E.K. Bailey, docket no. 201, filed November 19, 2009.; and [Ralph L. Wadsworth Construction Company, Inc.,'s] Motion for Protective oRder, docket no. 202, filed November 20, 2009.

cross-designated by Iasis. The factual background is not substantially disputed and is found in the parties' memoranda.[2]

The motions for protective order[3] are GRANTED because of the late date in these proceedings and for reasons stated in Great Basin's reply memorandum:

- The Court has already denied[4] Iasis's' Rule 56(f) motion to permit these depositions to be taken before the pending summary judgment motions are heard;

- Those summary judgment motions may, if granted, or granted in part, eliminate the need for the depositions or for some parties to participate in them.[5]

Dated this 5th day of December, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[2] Memorandum of Points and Authorities in Support of Motion for Protective Order, docket no. 197, filed November 16, 2009; Memorandum in Opposition to Motion for Protective Order, docket no. 206, filed November 24, 2009; Great Basin Engineering, Inc.'s Reply in Support of Motion for Protective Order (Great Basin Reply), docket no. 208, filed November 24, 2009; E.K. Bailey Construction, Inc.'s Reply Memorandum in Support of Motion for Protective Order, docket no. 211, filed November 30, 2009.

[3] [[E.K. Bailey's] Motion for Protective Order, docket no. 196, filed November 16, 2009; Great Basin Engineering, Inc.'s Joinder in Motion for Protective Order by E.K. Bailey, docket no. 201, filed November 19, 2009.; and [Ralph L. Wadsworth Construction Company, Inc.,'s] Motion for Protective oRder, docket no. 202, filed November 20, 2009.

[4] Docket no. 193, filed November 13, 2009.

[5] Great Basin Reply at 3.